UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEPHANIE LEWIS                           CIVIL ACTION NO. 17-cv-1674

VERSUS                                    CHIEF JUDGE HICKS

SOUTHERN OAKS NURSING, LLC                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Stephanie Lewis ("Plaintiff"), who is self-represented, commenced this civil action by filing a complaint on a form for the initiation of a Title VII employment discrimination suit. Attached to the complaint is a charge of discrimination that sets forth a summary of allegations that Plaintiff presented to the EEOC in support of her claims of discrimination based on disability, color, and retaliation. Also attached is a notice of right to sue issued by the EEOC.

The EEOC stated in the notice that it was unable to conclude that the information it gathered established violations of the statutes. The complaint form asked Plaintiff to state why she disagreed with any of the EEOC's findings. Plaintiff did not write anything in that space. Plaintiff was also asked to give any other information to support her claim of discriminatory employment practices. Again, she gave no information.

Federal Rule of Civil Procedure 8 requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief, and it must include a demand for the relief sought. The complaint must set forth enough facts to state a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell

Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Before Plaintiff's complaint is measured against that standard, she will be afforded the opportunity to file an Amended Complaint and state her best case for employment discrimination against her former employer. Plaintiff should first ensure that she has named the proper entity as a defendant. The caption of her complaint refers to Southern Oaks Nursing, LLC, but her EEOC charge refers to Southern Oaks Nursing & Rehab. The records of the Louisiana Secretary of State include a company named Southern Oaks Nursing & Rehabilitation Center, LLC, but the court does not know whether that is the company Plaintiff worked for. Plaintiff will have to make that determination and ensure that she names the proper defendant.

Plaintiff's Amended Complaint will also need to set forth in separate, numbered paragraphs, specific facts that she believes set forth a plausible basis for her claims of discrimination. Plaintiff should also set forth the relief that she requests from the court. The deadline for compliance with this order is **January 26, 2018**.

Plaintiff is advised that this is not an informal agency proceeding. It is a court proceeding that will require significantly more time and effort from her than the less formal agency proceedings before the EEOC. Although Plaintiff is self-represented, she will be

obligated to follow the court's orders and the applicable procedural rules. Neither the judge's staff nor the Clerk of Court may give her legal advice.

Plaintiff must keep the court informed of a current address. If Plaintiff should have a change in address, Plaintiff must notify the Clerk of Court in writing. If mail is issued to Plaintiff and it is returned for an insufficient address, that may lead to dismissal of this case. If at any time Plaintiff does not wish to pursue this case, Plaintiff may communicate that to the court in writing, and the case will be dismissed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge