# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **STEPHANIE LEWIS** | **CIVIL ACTION NO. 17-1674** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **SOUTHERN OAKS NURSING, L.L.C.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Defendant Southern Oaks Nursing & Rehabilitation Center, LLC ("Defendant"), is before the Court on an unopposed Motion to Dismiss (Record Document 16). For the reasons stated below, Defendant's motion is **GRANTED**.

## PROCEDURAL POSTURE

Plaintiff Stephanie Lewis ("Plaintiff") filed her Complaint (Record Document 1) on December 27, 2017. Magistrate Judge Hornsby issued a Memorandum Order (Record Document 6) on January 1, 2018, which afforded Plaintiff the opportunity to file an amended complaint to rectify multiple deficiencies in the original complaint. Magistrate Judge Hornsby also advised Plaintiff that she would be obligated to follow the Court's orders and the applicable procedural rules, despite her status as a *pro se* litigant. Additionally, he advised Plaintiff that she would be required to keep the Court informed of a current address, and that she should notify the Clerk of Court of any change of address. She was warned that, "[i]f mail is issued to Plaintiff and it is returned for an insufficient address, that may lead to a dismissal of this case." See Record Document 6 at 3.

A copy of Magistrate Judge Hornsby's Memorandum Order was mailed to Plaintiff at her address of record[1] in Shreveport, LA, but was returned as "undeliverable" at that address. See Record Document 8. Despite this, Plaintiff did, in fact, file an Amended Complaint (Record Document 7). Magistrate Judge Hornsby then issued another Memorandum Order (Record Document 9) on October 9, 2018, which notified Plaintiff of a deficiency in her Amended Complaint (Record Document 7) and gave her another opportunity to amend. The Memorandum Order also advised Plaintiff that she would "need to have a summons and a copy of her complaint and amended complaint delivered to the registered agent for the defendant or any other person who may be served pursuant to the rules set forth in the Federal Rule of Civil Procedure 4." Record Document 9. Finally, the Memorandum Order stated the following:

> The Court's prior order instructed Plaintiff to keep the court informed of a current address. She was told that any change of address must be given to the clerk of court "in writing." The docket sheet reflects that mail was returned because Plaintiff's address changed without notice. Plaintiff later personally notified the clerk of court of an updated address and received a copy of the prior memorandum order. Plaintiff is ordered to file with the clerk of court a written confirmation of her current mailing address no later than October 19, 2018. Returned mail, or failure to comply with this order, may result in dismissal of this civil action for failure to prosecute.

Id. at 2. In response to this Order, Plaintiff filed a Notice of Change of Address (Record Document 10) and a Second Amended Complaint (Record Document 11). The Clerk of Court then issued a Summons (Record Document 12) regarding the Second Amended Complaint. The Summons was returned as "undeliverable" to the address provided in Plaintiff's Notice of Change of Address (Record Document 10). See Record

---

[1] Actual addresses are on file but not provided in this opinion due to issues of privacy and personal identification, neither of which affects the decision of the Court.

Document 13. Despite this, Plaintiff filed a document titled Proof of Service (Record Document 14), wherein she represents that she "personally served Southern Oaks Nursing & Rehabilitation Center at 1534 Glen Oaks Dr., Shreveport, LA 71103 on 11/8/18." Record Document 14. Plaintiff hand-delivered the summons and complaint to Linda Payne, an employee of Southern Oaks Nursing & Rehabilitation Center, LLC. See id.; see also Record Document 16-2. Linda Payne is not the registered agent for service of process for Defendant. See id.

Plaintiff then filed another Notice of Change of Address (Record Document 15), which contained the same address provided in the first Notice of Change of Address (Record Document 10). Defendant then filed the instant Motion to Dismiss (Record Document 16), and the Court issued a Notice of Motion Setting (Record Document 17) on November 30, 2018. The Notice of Motion Setting was mailed to the updated address of record provided by Plaintiff. See Record Documents 10 & 15. However, the notice was returned as "undeliverable." See Record Document 19. Plaintiff filed no opposition to the instant motion.

## LAW AND ANALYSIS

Defendant argues in the instant motion that Plaintiff's service was insufficient. Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for insufficient service of process. Proper service of process "is not some mindless technicality." Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir.1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987)). The requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against them. See Dusenbery v. United States, 534 U.S.

161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). The party making service has the burden of demonstrating its validity when an objection to service is made. Quinn v. Miller, 470 F. App'x 321, 323 (5th Cir. 2012) (citing Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir.1992)). Here, Defendant argues that Plaintiff's service was insufficient under Rules 4(c)(2) and 4(h)(1) of the Federal Rules of Civil Procedure.

Rule 4(c)(2) provides that, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Therefore, a party to the lawsuit may not personally serve a defendant. Here, it is clear that Plaintiff personally served the Summons and Second Amended Complaint (Record Document 11) on Linda Payne, an employee of Defendant. Linda Payne's Affidavit (Record Document 16-2) states that, "[o]n November 8, 2018, [Plaintiff] came to the facility at which I work and handed me a summons and complaint that each bore the case number of the above-titled action." This is consistent with the Proof of Service filed by Plaintiff, wherein Plaintiff signed and printed her name on the lines designated for the server of the documents. See Record Document 12. Plaintiff has offered nothing to refute Defendant's argument, as she did not oppose the instant motion. Thus, the Court finds that Plaintiff failed to comply with Rule 4(c)(2) of the Federal Rules of Civil Procedure.

Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a limited liability company ("LLC") must be served either (A) in the manner provided by the law of the state where the federal court is located or where service is to be made or (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Plaintiff failed to comply with Rule4(h)(1).

Because this Court and Defendant are both located in Louisiana, Louisiana law on service of process is applicable. Under Louisiana law, service of process on an LLC is made by personal service on the company's agent for service of process. See La. C.C.P. art. 1266(A). Only if the LLC has no agent for service of process, or the person attempting service certifies that he is unable, after due diligence, to service the designated agent, will a member, manager, or employee of the LLC be authorized to receive service of process on behalf of the LLC. See La. C.C.P. art. 1266(B). Teddy Price has been the registered agent of Defendant since November 2, 2005. See Record Document 16-3. Therefore, under Louisiana law, it was necessary for Plaintiff to attempt service upon Mr. Price before serving any other person associated with Defendant. There is nothing in the record to suggest that Plaintiff attempted to do so. Therefore, the Court finds that Plaintiff failed to comply with Louisiana law governing service on an LLC.

Second, Plaintiff did not serve an officer, a managing or general agent, or any other agent authorized by appointment or by law under Rule 4(h)(1)(B). Linda Payne's Affidavit makes clear that Ms. Payne is merely an "employee" of Defendant, and is not "an officer or a managing or general agent for the company." Record Document 16-2. Additionally, Plaintiff has failed to bring forward any evidence that Linda Payne is anything more than an employee of Defendant. As such, Plaintiff has failed to meet her burden to demonstrate that service was properly made on Ms. Payne.

The Court takes note of the fact that the Notice of Motion Setting (Record Document 17) was returned as undeliverable. See Record Document 19. Thus, it is possible that Plaintiff did not oppose the instant motion because she did not receive notice its filing. However, Magistrate Judge Hornsby advised Plaintiff on two separate occasions

that failure to notify the Clerk of Court of a change of address could result in dismissal of her claims. See Record Documents 6 & 9. Plaintiff demonstrated her understanding of Magistrate Judge Hornsby's warnings when she notified the Clerk of Court of a change of address two separate times. See Record Documents 10 & 15. Additionally, Plaintiff filed her first Amended Complaint (Record Document 7) in response to Magistrate Judge Hornsby's Memorandum Order (Record Document 6) directing her to do so, despite the Order being returned as "undeliverable." Thus, Plaintiff has demonstrated her awareness of the need to monitor the record for filings. See Record Documents 8. For these reasons, although the Court has the discretion to allow Plaintiff another chance to properly serve Defendant, it chooses to dismiss Plaintiff's Complaint (Record Document 1) without prejudice.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Record Document 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of June, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT